## ADKINS PROPERTIES v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10964.

Circuit Court of Appeals, Fifth Circuit.

July 6, 1944.

Rehearing Denied Aug. 3, 1944.

W. B. Harrell, of Dallas, Tex., for petitioner.

Muriel Paul and Sewall Key, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Claude R. Marshall, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

SIBLEY, Circuit Judge.

The Tax Court sustained assessments of taxes for the years 1936 to 1940 inclusive against the petitioner as an association, rejecting the contention that its returns as a mere distributive trust were correct.

In 1934 six members of the Adkins family, through the legal services of one Wynne for a contingent fee of one-half the recovery, obtained judgment for a one-third interest in an oil lease of twenty acres of land in east Texas, on which three producing oil wells had been drilled. The driller's contract entitled him to certain oil payments from oil produced, and the recovery was subject to his rights. Title to the other two-thirds was adjudicated in Towns, Porter and other persons. By the advice of Wynne, the interests of himself and his clients were put into a trust to conserve their interests and keep them from being sold off piecemeal, and to prevent trouble in handling the property. They joined in a deed of trust conveying the title to their one-third interest in the lease to Lola Armstrong for twenty-five years, and so long as oil or gas is produced, who as trustee was given full power "to hold and administer such oil, gas, and mineral lease and all receipts therefrom * * * with full power and authority to collect for oil runs, to make contracts, drill wells, sell oil, sign division orders, make contracts to drill wells payable out of oil produced from said lease, to make drill contracts, partition agreements * * * and to do all things with reference to such lease which we could do, save and except she is not to sell said lease". Provision is made for selecting a successor trustee in case of death or refusal to act. The beneficiaries are each to hold a certificate of their several interests in a specified form signed by the trustee stating the fractional interest, transferable in accordance with the trust deed, death of the holder not affecting the trust, neither the trustee nor certificate holder to be liable as partners or to each other, except as designated, and no assessment or personal liability to be imposed on the certificate holders. The certificate holders could be called in for consultation by the trustee. The trustee was to make distribution to certificate holders as shown by the books of the trust every thirty days, if possible, of income for previous month less expenses.

The trustee was in fact not experienced in the oil business, but was a good bookkeeper, and acted under the instructions of Wynne, by whom she was otherwise employed. The field operations were conduct-

ed by Towns to pay the driller under his drilling contract for two years, and then Porter was placed in charge. These two disagreeing, Wynne latterly operated the wells through hired men. The trustee paid the bills, conducted the bank account, looked after oil divisions and paid the dividends, and participated in the selection of operators.

 The trust deed, very briefly summarized above, was on its face clearly the creation of an association, similar in its setup to a corporation and taxable as such under Internal Revenue Code, Sec. 3797(a) (3), 26 U.S.C.A. Int.Rev.Code, § 3797(a) (3), and the identical provisions of Revenue Act of 1936, Sec. 1001(a) (2), and Revenue Act of 1938, Sec. 901(a) (2). Morrissey v. Commissioner, 296 U.S. 344, 56 S.Ct. 289, 80 L.Ed. 263; Helvering v. Coombs, 296 U.S. 365, 56 S.Ct. 287, 80 L.Ed. 275. The latter case involved a trust with certificate holders for the operation of an oil well. The scope and nature of the trust is to be determined by the instrument, and is not altered by the fact that the trustee did not drill new wells nor partition the property, and thus take exclusive charge of one of them, as she had power to do. Keating-Snyder Trust v. Commissioner, 5 Cir., 126 F.2d 860. The petitioner here admits in argument that if the trust had covered all interests in the lease, as was true in the Coombs case, the trust would be an association; and contends only that since it covered only a one-third interest it could not be conducting a business as an association, because the trustee could not control it, but could only, as she did, collect the income and distribute it. We do not think the contention is sound. The trustee had as much voice in the business as the owner of either of the two other thirds. So far as appears they all co-operated in directing the affairs, and when the owners of the other two interests disagreed, Wynne took active charge, of course with the consent of the trustee. An oil business was certainly carried on, and was contemplated by the trust instrument as existing and liable to be expanded; and the small fractional interests of the owners of this one-third were merged into this trust to facilitate and assist in conducting that business. The trust served the same purposes as would an incorporation of the owners of the one-third interest. It is an association for an active business purpose, having the general characteristics and advantages of corporate organization. That only a third interest in oil wells was involved was held to make no difference in Nashville Trust Co. v. Cotros, 120 F.2d 157.

The judgment is affirmed.